UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
BARCLAYS CAPITAL INC.,                                        :
                                    Petitioner,               :
                                                              :
            v.                                                :
                                                              :
RAMON MANUEL HACHE,                                           :
                                                              :
                                    Respondent.               :
                                                              :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__7/12/2016____

16 Civ. 315 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

This is a motion brought by Barclays Capital Inc. ("Barclays") pursuant to the Federal Arbitration Act to confirm and enter judgment upon an arbitration award entered on December 31, 2015 (the "Award"). For the following reasons, Barclays's motion is granted.

**I.   BACKGROUND**

On December 31, 2015, a Financial Industry Regulatory Authority ("FINRA") panel rendered a unanimous written award in favor of Barclays and against respondent Hache in the amount of $1,048,569.34, plus post-award interest. On January 14, 2016, Barclays commenced this case to confirm the Award. Barclays served Hache with its petition to confirm the Award on February 2, 2016, making Hache's response due by February 23, 2016. Fed. R. Civ. P. 12(a)(1)(A)(i). Hache failed to file a timely response. On March 1, 2016, Hache filed a short "Answer to Petitioner's Petition to Confirm Award," but did not file a motion to vacate or modify the Award. At a status conference before this Court on April 7, 2016, Hache requested permission to file an untimely motion to vacate by April 15, 2016. The request was denied, but Hache was permitted to file a brief opposing confirmation of the Award by April 21, 2016. Notwithstanding this clear instruction, Hache filed a motion to vacate along with his opposition

on April 21, 2016.[1]

## II.   DISCUSSION

The Award is confirmed.  Confirmation of an award rendered in a FINRA arbitration "is governed by the Federal Arbitration Act."  *Thomas James Assocs., Inc. v. Jameson*, 102 F.3d 60, 65 (2d Cir. 1996).  "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).  "[T]he court must grant [a request to confirm an award] unless the award is vacated, modified, or corrected as prescribed [in the United States Code].  9 U.S.C. § 9; *accord Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987) ("Absent a statutory basis for modification or vacatur, the district court's task [is] to confirm the arbitrator's final award as mandated by section 9 of the Act.").

Respondents in an arbitration proceeding are given three months to move for vacatur or modification of an award.  9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").  "When the three month limitations period has run without vacation of the arbitration award, the successful party *has a right* to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding."  *Floraynth*, 750 F.2d at 177 (emphasis added).  The three-month limitations period in this case expired on March 31, 2016.  Hache did not move to vacate or modify the Award before that date, and does not now raise any legal issue (such as lack of jurisdiction, or expiration of a statute of limitations for confirmation) that

---

[1]   The motion to vacate and opposition brief are submitted together, and styled as a "Brief in Opposition of Confirmation of FINRA Award and Motion to Vacate FINRA Arbitration Award."  However, this document contains only arguments for vacatur and fails to respond to Barclays' arguments as to why this Court is bound to summarily confirm the Award.

deprives this Court of the ability to summarily confirm the Award.  *See Transatlantic Bulk Shipping Ltd. v. Saudi Chartering S.A.*, 622 F. Supp. 25, 27 (S.D.N.Y. 1985) (dismissing petition for confirmation of arbitration for lack of personal jurisdiction); *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 158 (2d Cir. 2003) (holding that 9 U.S.C. § 9 imposes a one-year statute of limitations on the filing of a motion to confirm an arbitration award).

This leaves Hache's unauthorized and untimely arguments for vacatur.  Hache's April 7, 2016, request to file an untimely motion to vacate the Award was denied for good reason; the three-month deadline contained in 9 U.S.C. § 12 is not subject to extension.  "[A] party may not raise a motion to vacate, modify, or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm."  *Florasynth*, 750 F.2d at 175; *see also DeGrate v. Broad. Music, Inc.*, No. 12 Civ. 1700, 2013 WL 639146, at *3 (S.D.N.Y. Feb. 20, 2013) (holding motion to vacate untimely even though pro se plaintiff mistakenly filed it within the required time in the wrong court); *Triomphe Partners, Inc. v. Realogy Corp.*, No. 10 Civ. 8248, 2011 WL 3586161, at *2 (S.D.N.Y. Aug. 15, 2011) (holding motion to vacate served three months and one day after receipt of the arbitration award untimely).  Each of Hache's numerous, untimely arguments for vacatur of the Award are therefore disregarded.  Barclays is entitled to summary confirmation of the December 31, 2015 Award.

Finally, under the terms of the Note giving rise to the underlying arbitration, Hache agrees to pay all expenses incurred -- including attorney's fees -- in connection with the collection of any amount due under the Note.  Barclays requested and discussed these fees and expenses in its Petition.  Hache does not dispute his contractual obligation, and it is deemed admitted.  *See, e.g.*, *Colo.-Ark.-Tex. Distrib., LLC v. Am. Eagle Food Prods.*, 525 F. Supp. 2d 428, 431 n.20 (S.D.N.Y. 2007) (citing *Archie Comic Publ'ns, Inc. v. DeCarlo*, 258 F. Supp. 2d

315, 317-19 (S.D.N.Y. 2003), *aff'd*, 88 F. App'x 468 (2d Cir. 2004)) (deeming undisputed facts to be admitted in context of motion to confirm arbitration award).  Barclays is therefore awarded its costs, including attorneys' fees, incurred in seeking confirmation of the December 31, 2015 Award.

## III.    CONCLUSION

For the foregoing reasons, petitioner's motion for confirmation of the December 31, 2015 Award is GRANTED.  Barclays is instructed to file a letter application and bill of costs to the Court for consideration no later than July 31, 2016.  The Clerk of the Court is directed to close this motion (Dkt. No. 1).

SO ORDERED.


Dated:  July 12, 2016
        New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**